UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Warren Russell, #316802, | ) C/A No.: 9:11-2769-JMC-BM |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| S.C. Richland County Solicitor's Office; K. Luck Campbell; Vanessa C. Shipley; S.C. Attorney General's Office; Henry McMaster; Alan Wilson; Brian Petrano; and Mark Schnee, Assistant Public Defender, | ) |
| Defendants. | |

This action has been brought pursuant to 42 U.S.C. § 1983 by Warren Russell, an inmate of the South Carolina Department of Corrections, against the Richland County Solicitor's Office; K. Luck Campbell and Vanessa Shipley, Richland County Assistant Solicitors; the S.C. Attorney General's Office; Henry McMaster, former Attorney General of the State of South Carolina; Alan Wilson, Attorney General of the State of South Carolina; Brian Petrano, Assistant Attorney General; and Mark Schnee, Assistant Public Defender. Plaintiff claims that the Defendants conspired to convict and sentence him in violation of his civil rights.[1]

---

[1] It does not appear that Plaintiff has ever filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254 in this Court. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir.1970) (a federal court may take judicial notice of the contents of its own records).

1



**BACKGROUND**

In the Complaint filed in this case, Plaintiff asserts that various Defendants were involved in either representing the State of South Carolina or the Plaintiff in connection with his 2008 conviction and sentence, and alleges prosecutorial misconduct, legal malpractice, "fraud upon the Court by Officers of the Court," and misconduct in office. Plaintiff cites to South Carolina Code Sections pertaining to the scheduling of additional court terms and when a grand jury can be convened, and seems to attack the testimony offered to the grand jury. Plaintiff alleges that four indictments presented against him violated S.C. laws, and were "in direct violation of the Rules of Professional Conduct." He further claims that these violations occurred during the "investigative process," not the prosecutorial process, and therefore the Defendants are not entitled to prosecutorial immunity. Plaintiff maintains, among other things, that his Fifth Amendment rights and his right to a speedy trial were violated, that there were Brady[2] violations that were not addressed, and that this alleged fraudulent activity violated his due process rights.

Plaintiff also states that these allegations pertain to a post-conviction relief ("PCR") proceeding because he was denied a complete trial transcript, although it appears from his pleading that he eventually received the entire transcript. He also alleges that the Defendants who are Assistant Attorneys General knew about the alleged transgressions of the attorneys in the Solicitor's Office, but did nothing. He states that the Attorneys General "deliberately and intentional[ly] misrepresented statements...with the intent to deprive the plaintiff of his rights to a fair opportunity to present his case to the court." According to the Plaintiff, these individuals engaged in a "deliberate

---

[2]*Brady v. Maryland*, 373 U.S. 83 (1963) (prosecutors must disclose exculpatory evidence to criminal defendants).



scheme to defraud" the post-conviction relief ("PCR") Court. Plaintiff further claims the alleged fraud establishes that the State Attorney General's office has a policy of depriving litigants of their Constitutional rights, and that there was a failure to supervise the attorneys assigned to the case.

## STANDARD OF REVIEW:

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). Further, *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173 (1980); *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079 (1972); *Fine v. City of N. Y.*, 529 F.2d 70 (2nd Cir. 1975).

However, even when considered under this less stringent standard, for the reasons set forth hereinbelow the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).



## DISCUSSION

Throughout Plaintiff's Complaint is an underlying theme: he believes that his criminal conviction and the sentence he received are "illegal." However, with respect to actions filed pursuant to 42 U.S.C. §1983, such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges, the United States Supreme Court has held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*See Heck v. Humphrey*, 512 U.S. 477 (1994). *See also Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178 (4th Cir. 1996); *Burnside v. Mathis*, 2004 WL 2944092 (D.S.C. 2004).

By the above holding, the United States Supreme Court has ruled that until a criminal conviction is set aside, any civil rights action based on the conviction and related matters will be barred.  Because Plaintiff's allegations against the Defendants - all participants in various stages of his criminal case - are such that, if true, could call into question the validity of Plaintiff's convictions, and because Plaintiff has not alleged that his convictions have been set aside through pursuit of proper judicial remedies, he cannot sue any of the Defendants for damages or injunctive relief because of their involvement in his arrest, prosecution, trial, appeal, post-conviction relief,



4

and/or state habeas corpus actions.

In any event, to the extent Plaintiff seeks damages from Defendants Campbell, Shipley, McMaster, Wilson, and Petrano for actions taken in pursuit of their duties as prosecutors in connection with the various stages of Plaintiff's criminal case and its appeals and collateral attack proceedings, this case is barred by the doctrine of prosecutorial immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993); *Burns v. Reed*, 500 U.S. 478, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); *Hart v. Jefferson County*, 1995 WL 399619 (D. Ore., June 15, 1995) (allegations by plaintiff of malicious motives on part of two prosecutors insufficient to overcome prosecutorial immunity). As for the Solicitor's Office and State Attorney General's Office, these entities are state offices or agencies and are immune from suit in this Court. *See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Virginia v. Reinhard*, 568 F.3d 110 (4th Cir. 2009); *Belcher v. South Carolina Board of Corrections*, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dept.*, 195 F. Supp. 516, 517 (E.D.S.C. 1961). Finally, the United States Supreme Court has determined that "a public defender does not qualify as a state actor when engaged in his general representation of a criminal defendant." *Georgia v. McCollum*, 505 U.S. 42, 53, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992). Therefore, Plaintiff also cannot maintain a § 1893 claim against the Defendant Schnee.

5



## **RECOMMENDATION**

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.

                                                                                                              _____
                                                                                                              Bristow Marchant
                                                                                                              United States Magistrate Judge

November 14, 2011
Charleston, South Carolina

***The plaintiff's attention is directed to the important notice on the next page***.



6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).